**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN L. RICHARD, | No. 07-55736 |
| Petitioner - Appellant, | D.C. No. CV-04-04519-VAP |
| v. | |
| DEBRA DEXTER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Kevin L. Richard appeals from the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction

under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Richard contends the trial court violated his right to present a defense by precluding him from introducing evidence of third party culpability. The state court's rejection of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). Richard fails to show the proffered evidence was admissible under *People v. Hall*, 41 Cal. 3d 826 (1986). Therefore, its exclusion did not violate his constitutional right to present a defense under *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). *See Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006) ("the Constitution permits judges to exclude evidence that is repetitive . . ., only marginally relevant or poses an undue risk of harassment, prejudice, [or] confusion of the issues") (alterations in original) (internal quotations omitted); *see also Spivey v. Rocha*, 194 F.3d 971, 978 (9th Cir. 1999) (concluding that state trial court did not infringe defendant's constitutional rights by excluding speculative third-party culpability evidence).

We construe Richard's additional argument as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**